No. 28,012.

GEORGE SIMS, a Minor, by His Next Friend, CHRISTOPHER R. SIMS,
*Appellee,* v. THE CONSUMERS BREAD COMPANY, *Appellant.*

(265 Pac. 1114.)

### SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION ACT — *Scheduled Allowance* — *Additional Allowance.* Following *Lane v. Sonken-Galamba Corporation,* 119 Kan. 256, 237 Pac. 875, it is held that a workman who sustained an injury which necessitated amputation of a part of the distal phalanx of the middle finger of the right hand, and caused additional permanent partial disability of the hand, may recover compensation for the additional disability.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed April 7, 1928. Affirmed.

*Vincent F. Hiebsch,* of Wichita, for the appellant.
*Carr W. Taylor,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for compensation. Plaintiff recovered, and defendant appeals.

The end of plaintiff's right middle finger was injured. Defendant paid the medical expenses, paid plaintiff compensation for fifteen weeks at a rate per week equal to one-half his weekly wages, and received from him a release. · Plaintiff was a minor, without business experience, and because of misunderstanding of the settlement with his employer he disaffirmed the release, as he was privileged to do. The judgment was for $2,396.25, compensation for permanent partial disability at the rate of six dollars per week for 415 weeks, less $93.75, the amount plaintiff had been paid.

The tip of the finger was cut and mangled, and a part of the bone was crushed. The injured portion was amputated, leaving a part of the distal phalanx. The finger was placed in a splint and was treated until it healed. Scar tissue covers the end of the finger and adheres to the bone. The scar tissue includes a nerve ending, which causes the end of the finger to be tender. The joint next to the end of the finger is stiff, due to contraction of the tendons, and the next joint is partly stiff. Plaintiff described it as half-way stiff. This contraction resulted from nonuse following the injury. Ability to grasp things with the hand is impaired. Whenever plaintiff uses his ·

Workmen's Compensation Act, C. J. p. 96 n. 29 new; L. R. A. 1916A, 257; 30 A. L. R. 976; 28 R. C. L. 821.

hand that finger is in the way, and the end of the finger being tender, if he jars it or hits it against anything the hand is involved. The stiffness, causing inability to flex the joints, and the tenderness, reduce utility of the hand twenty-five per cent. This loss may be reduced to twenty per cent, and the hand will probably be eighty per cent normal eventually.

The usual results were secured by the surgical operation. Plaintiff testified he obeyed the doctor's instructions and tried to manipulate the finger daily. His physician testified that a nerve is occasionally included in a scar, which causes tenderness; that the results following the amputation were just about as usual in such cases; that the shortening and stiffening of tendons were such as usually follow finger injuries; and that in most cases of the same character the condition produced is the same as that of plaintiff.

The statute provides that compensation for a specific scheduled injury (loss of a phalanx, finger, hand, arm, etc.) shall be in lieu of all other compensation except medical expenses. (R. S. 44-510, 3, [23].) This means, of course, in lieu of other compensation for the specific injury. The disability from which plaintiff suffers is the natural result of the injury which he received, and defendant contends that in fixing compensation for a specific injury, the legislature must have taken into account normal *sequelæ*. The schedule sum for loss of the first phalanx of the second finger is one-half of fifty per cent of the workman's average weekly wage for thirty weeks (R. S. 44-510, 3, [c], [3, 6]), which in this instance is $93.75, the amount plaintiff was paid.

It is true, as defendant contends, that if a person loses a portion of a finger, the hand is necessarily disabled, because the finger is part of the hand. The question, however, is whether the injury caused other disability than simple loss of the end of the finger. The statute provides compensation not for injury, but for disability resulting from injury. As the court said in the opinion in *Stefan v. Elevator Co.*, 106 Kan. 369, 187 Pac. 861, the legislature evidently believed loss of a specific member deserved the compensation allowed by the schedule, whatever else occurs. If there be additional injury, as in the Stefan case (paralysis of one side of the body, besides loss of an eye), compensation is allowed for the disability consequent upon the additional injury. But if disability besides that occasioned by simple loss of the member itself result from an injury, compensation may be allowed for the additional disability. The subject was carefully considered in the case of *Lane*

*v. Sonken-Galamba Corporation,* 119 Kan. 256, 237 Pac. 875. The syllabus reads:·

"Following *Stefan v. Elevator Co.,* 106 Kan. 369, it is held that a workman who sustained an injury making it necessary to amputate two phalanges of a finger, and also caused disabilities to the hand, wrist and arm, permanent in character, is entitled to compensation beyond the scheduled allowance for the loss of a part of the finger for the additional permanent partial incapacity."

While in Lane's case he suffered loss of two phalanges, and the consequences were more serious than the consequences following plaintiff's injury, the principle applied governs the decision in this case.

The judgment of the district court is affirmed.

HARVEY, J., dissenting.