No. 29,532.

JAMES E. BRAY, *Appellant*, v. THE CARROTHERS CONSTRUCTION
COMPANY and THE UNITED STATES FIDELITY AND GUARANTY
COMPANY, *Appellees*.

(293 Pac. 504.)

Opinion filed December 6, 1930.

*John F. Kaster, Ralph W. Oman,* both of Topeka, and *John A. Hall,* of
Pleasanton, for the appellant.

*Edgar Fenton,* of Kansas City, and *Harry C. Blaker,* of Topeka, for the
appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This is an appeal by a workman from a judg-
ment and award of the district court in his favor in a compensation
case for accidental injuries received by him in the course of his em-
ployment, in which he complains that his injuries were erroneously
classified in that his award was computed and allowed on the basis
of a permanent partial loss of the use of his right arm, whereas his
compensation should have been computed and awarded on the basis
of total and permanent disability. It is, of course, recognized by the
appellant that this court has no jurisdiction in such cases to hear
or determine anything in connection with such cases except matters
of law. Appellant therefore presents his assignments of error along

two different lines, both of which are within the jurisdiction accorded to this court: First, that the classification of the injury and the computation of the award are contrary to the undisputed evidence; and second, that the findings of the court do not make the injury in this case a scheduled one to a specified member of the body under the statute, and do not justify, support or sustain such a conclusion or award.

The first proposition can be disposed of very briefly by stating we find the evidence is conflicting on some of the essential points to such an extent that we cannot say that the evidence on those points is undisputed.

The parties stipulated as to most of the formal matters before the commissioner, who made findings and an award including a finding that the remaining condition from the fracture and injury of the right clavicle is limited to the use of the right arm, and that the loss of use of the arm is twenty-five per cent.

The trial court failed to limit the loss to the use of the right arm, but found serious injury to the shoulder from which the claimant was suffering a partial disability, which will be permanent unless an operation is performed to correct the existing condition. The trial court then approved the award of the commissioner and included in the journal entry a finding that appellant sustained a permanent loss of twenty-five per cent of the use of his right arm.

The following is a copy of the essential portion of the findings of the trial court:

"4. That the average weekly wage of the claimant was $30.

"5. That the claimant, James E. Bray, was in the hospital at Topeka, Kan., for about three weeks as a result of said injury. That said injury consisted of a fracture of the right clavicle at the junction of the outer and middle third. That unless an operation is performed to place said bone in apposition, there will be a permanent overlapping of the fractured sections of the clavicle of from one and three-fourths to two inches. That there is no bony union at the point of the fracture, but that the union of the fracture is fibrous and the fractured ends of the clavicle are movable at the point of the fracture, and that the fractured end of the inner section of said fracture protrudes upward and backward into the muscles of the shoulder, causing pain when an effort is made to perform manual labor.

"6. That the claimant, James E. Bray, depends on manual labor for support and livelihood.

"7. That as a result of said injury the claimant, James E. Bray, is suffering from a partial disability, which will be permanent unless an operation is performed to correct the existing condition, such as is suggested in the medical testimony submitted."

The four subsequent findings are concerning the computation of the award, approving that reached by the commissioner.

The journal entry of judgment does not contain these findings, but does contain the following:

"It is further found that at the termination of the said temporary total disability, appellant was left with and sustained as a result of the said accident the permanent loss of twenty-five (25%) per cent of the use of his right arm."

It may be helpful by way of comparison to note the findings of the commissioner as to the same matters. They are as follows:

"On May 2, 1929, claimant was working in a ditch that caved in on him, he being struck on his right shoulder and sustained an injury thereto, also a fracture of some ribs, the latter of which does not seem to figure in so far as disability is concerned. He was taken to a hospital and remained there about three weeks. The testimony shows that claimant has suffered a fracture of his right clavicle at the junction of the outer and middle third; that there is some overlapping producing some shortening and that the union at the center of the fracture is fibrous and not a solid bony union. However, the testimony clearly shows that the disability resulting from such fracture and such remaining condition therefrom is limited to the use of the right arm. It is taken by the commissioner that the disability is permanent, but as to the degree or the percentage of loss of use of the arm the testimony is somewhat at variance. The commissioner is of the opinion that there is a twenty-five (25) per cent loss of use.

"It is further found that as a result of the accidental injury met with claimant was totally disabled for a period of three weeks and that an award of compensation should be made therefor for a period of two weeks at the rate of eighteen ($18) dollars.

"It is further found that upon termination of the period of temporary disability; that is, on May 23, 1929, claimant was left with and sustained a twenty-five (25) per cent permanent partial loss of the use of his right arm and that an award of compensation should be made therefor for fifty-two and five-tenths (52⅝₀) weeks at the rate of eighteen ($18) dollars."

The contention of the appellant is that under the findings of the district court this is not a scheduled injury as concluded and classified by the court under R. S. 44-510, 3 (c), (12) to (19), limiting the loss to a permanent partial loss of the use of the right arm, but that the findings require that it be concluded and classified under R. S. 44-510, 3 (a), as a total permanent disability. There are two very strong points in support of this argument: First, the court in its findings fails to limit the injury and loss to the use of the right arm, even taking into consideration the finding contained in the journal entry, which, at its strongest significance, only finds this loss of the use of the arm as a result, or one of possibly several re-

sults. This may be sufficient to justify the placing of the injury in the scheduled classification, but surely it is not sufficient to limit the award to such classification. The distinction can be readily observed in the findings of the commissioner, where he specifically limited the result to such loss.

. The other point is in the fact that the court did find specific injuries to the right clavicle and muscles of the shoulder causing pain when an effort is made to perform manual labor. If we take the statement in the journal entry as a finding this is certainly a different finding and was made before the one in the journal entry, and the pain in the muscles of the shoulder can hardly be said to be nothing in addition to the disability by way of partial loss of the use of the arm. The trial court follows this finding of pain in the muscles of the shoulder with the further finding that the disability will be permanent unless an operation is performed.

The disability in the shoulder is not one differing in degree but in kind. The shoulder and the muscles therein cannot be classified as merely a part of the arm, and yet it is the province of the court to say that such pain does not constitute a separate or additional disability.

We are constrained to hold under all the findings of the court, without any limitation on the disability, that the pain in the muscles of the shoulder and the consequent inconvenience naturally arising therefrom is an additional disability for which as a matter of law either an additional award should have been made or an award for such disability as would entirely dispense with the award for the scheduled disability. (*Edgar Zinc Co. v. Hamer,* 130 Kan. 58, 285 Pac. 550.)

It was held in the case of *Stefan v. Elevator Co.,* 106 Kan. 369, 187 Pac. 861, that—

"In addition to the loss of an eye, the plaintiff suffered permanent partial disability on account of partial paralysis of one side of his body. *Held,* he was entitled to additional compensation." (Syl. ¶ 3.)

And in the opinion it was stated:

"The legislature evidently believed the loss of a specific member or organ deserved the compensation stated, whatever else occurred. If, however, additional injury should increase the workman's partial disability, either permanently or temporarily, he should receive additional compensation." (p. 373.)

Where one of the fingers of a workman was mashed and two phalanges of the finger were amputated, but the stump of the finger

remained sore and stiff and the workman had lost the gripping power in his hand and had cramps and pain in his hand and arm, he was held to be "entitled to compensation beyond the scheduled allowance for the loss of a part of the finger for the additional permanent partial incapacity." (*Lane v. Sonken-Galamba Corporation*, 119 Kan. 256, syl., 237 Pac. 875.)

In a more recent case, where the finger alone was injured but the disability extended to the hand, it was said in the opinion:

"It is true, as defendant contends, that if a person loses a portion of a finger, the hand is necessarily disabled, because the finger is part of the hand. The question, however, is whether the injury caused other disability than simple loss of the end of the finger. The statute provides compensation not for injury, but for disability resulting from injury. As the court said in the opinion in *Stefan v. Elevator Co.*, 106 Kan. 369, 187 Pac. 861, the legislature evidently believed the loss of a specific member deserved the compensation allowed by the schedule, whatever else occurs. If there be additional injury, as in the Stefan case (paralysis of one side of the body, besides loss of an eye), compensation is allowed for the disability consequent upon the additional injury. But if disability besides that occasioned by simple loss of the member itself result from an injury, compensation may be allowed for the additional disability." (*Sims v. Consumers Bread Co.*, 125 Kan. 747, 748, 265 Pac. 1114.)

In the case of *Anderson v. National Refining Co.*, 130 Kan. 638, 287 Pac. 240, the injury was in the foot by coming in contact with a high-tension wire, but the testimony showed that claimant was in a nervous condition, short of breath and suffered many other inconveniences. The commissioner found against the claimant. The district court found for him for permanent partial loss of use of his left leg and foot. Nothing was allowed because claimant suffered discomfort or pain or nervousness caused by lightning. This court held "there was substantial evidence to sustain a finding of permanent partial disability," which was the finding made by the trial court.

Another case cited by the appellee is very similar to this case and the findings of the court, which shows that the loss of the use of the arm may properly be included in the award for partial disability, which is just the counterpart of including partial disability as a part of the loss of use of the arm. It was there said:

"Where an injury to a workman results in the permanent loss of the use of his arm, it is proper for the court to consider such loss of use as one of the factors constituting the workman's permanent partial incapacity, and when a

proper award of compensation is made therefor the workman is not entitled to an additional award for the arm itself." (*Edgar Zinc Co. v. Hamer,* 130 Kan. 58, syl. ¶ 4, 285 Pac. 550.)

The judgment is reversed and the cause is remanded with instructions to make an additional award for the additional disability shown in the findings, or an award for such disability as will include and entirely dispense with the award for the scheduled disability with the right and privilege of making such modifications, additions or changes in the findings as to the trial court may seem right and proper, and an award in accordance therewith.