No. 29,604.

EDWARD NEUHAUS, *Appellee,* v. THE HOPE ENGINEERING COMPANY
and THE MARYLAND CASUALTY COMPANY, *Appellants.*

(294 Pac. 655.)

Opinion filed January 10, 1931.

*Irwin Snattinger, Hugh T. Fisher, E. B. Smith,* all of Topeka, and *Donald S. Flagg,* of Kansas City, Mo., for the appellants.

*John A. Hall,* of Pleasanton, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for compensation for disability resulting from an injury to the little finger of the workman's right hand. After allowing compensation for temporary total disability, the commissioner of compensation allowed compensation for permanent partial loss of use of the finger. The district court allowed compensation as follows:

(*a*) 8 weeks' total disability.
(*b*) 50 per cent permanent partial loss of use of little finger.
(*c*) 25 per cent permanent partial loss of use of right hand.

The employer and the insurance carrier appeal.

The bone of the finger between the hand and the second joint was broken at a point about a quarter of an inch from the second joint. The ends of the broken bone did not heal in apposition, and there is a protrusion or hump on the inside of the finger. The end of the finger is also bent down toward the inside of the hand and outward. There is partial ankylosis of the second joint. The claimant is a common laborer, and is unable to use tools and do other work as he did before he was injured. The question is whether he can recover for permanent partial loss of use of both finger and the hand.

The workman's compensation act was revised in 1927. (Laws 1927, ch. 232; R. S. Supp., ch. 44, art. 5.) R. S. Supp. 44-510 is divided into three paragraphs. Paragraph 3 contains three divisions, (a), (b) and (c). Division (c) is divided into twenty-six subdivisions. The first twenty subdivisions constitute what is called a schedule. Paragraph 1 of R. S. Supp. 44-510 deals with care and treatment of an injured workman. Paragraph 3 deals with the subject of compensation when death does not result from injury. Division (c) deals with disability, partial in character but permanent in quality, resulting from injury. It provides that the injured workman shall receive the compensation provided for in paragraph 1, and then provides for compensation according to the schedule. Since the subdivisions of the schedule are numbered, only these numbers will now be mentioned.

Nos. 1 to 5, inclusive, deal with loss of thumb, and first, second, third and fourth fingers. No. 6 deals with loss of phalanges of thumb and fingers. Nos. 7 and 8 deal with loss of toes. Nos. 9 and 10 deal with phalanges of toes. Nos. 11 and 12 deal with loss of hand and arm. Nos. 13 and 14 deal with loss of foot and leg. No. 15 deals with loss of eye or sight. No. 16 classifies losses in case of amputation. Nos. 17 and 18 deal with loss of hearing. No. 19 deals with loss of use of a member and loss of sight and hearing. No. 20 deals with hernia. Nos. 6 and 19 read as follows:

"(6) The loss of the first phalange of the thumb or of any finger shall be considered to be equal to the loss of one-half of such thumb or finger, and the compensation shall be one-half of the amounts specified above. The loss of the first phalange and any part of the second phalange of any finger, which includes the loss of any part of the bone of such second phalange, shall be considered to be equal to the loss of two-thirds of such finger, and the compensation shall be two-thirds the amount specified above. The loss of the first phalange and any part of the second phalange of a thumb, which includes the loss of any part of the bone of such second phalange, shall be considered to be equal to the loss of the entire thumb. The loss of the first and second phalanges and any part of the third proximal phalanges of any finger, which includes loss of any part of the bone of the third or proximal phalange, shall be considered as the loss of the entire finger."

"(19) Permanent loss of the use of a finger, thumb, hand, arm, toe, foot, or leg, or the permanent loss of the sight of an eye or the hearing of an ear, shall be equivalent to the loss thereof. For the permanent partial loss of the use of a finger, thumb, hand, arm, toe, foot or leg, or the sight of an eye or hearing of an ear, compensation shall be paid at sixty per cent (60%) of the average weekly wages, not in excess of eighteen dollars ($18) per week, during that

portion of the number of weeks in the foregoing schedule provided for loss of such finger, thumb, hand, arm, toe, foot or leg, or the sight of an eye or hearing of an ear, which the partial loss thereof bears to the total loss of a finger, thumb, hand, arm, toe, foot or leg, or the sight of an eye or hearing of an ear; but in no event shall the compensation payable hereunder for such partial loss exceed the compensation payable under the schedule for the total loss of such finger, thumb, hand, arm, toe, foot or leg, or the sight of any eye or hearing of an ear." (R. S. Supp. 44-510, [3], [c].)

Under this schedule the claimant suffered permanent partial loss of use of the fourth or little finger. The injury was a specific injury under the schedule. He was entitled to compensation according to the schedule, and was allowed compensation for that injury according to the schedule. Can the claimant move up one anatomical step, and successfully contend his disability consists in part in loss of use of the metacarpus, or hand proper, which was not injured, and which is rated much higher than loss of use of a finger? Under the old law he could. Thus in *Lane v. Sonken-Galamba Corporation,* 119 Kan. 256, 237 Pac. 875, a workman suffered an injury to a finger, which was amputated at the second joint. He recovered $2,496 for this injury and for disability of hand, wrist and arm. In the case of *Everitt v. Haldeman-Julius Pub. Co.,* 124 Kan. 115, 257 Pac. 939, a workman lost the first phalange and part of the second phalange of the second finger. He recovered $2,232 for these losses and loss of use of hand and arm. In the case of *Sims v. Consumers Bread Co.,* 125 Kan. 747, 265 Pac. 1114, a workman recovered $2,396 for loss of the tip of a finger and disability of the hand. These decisions and others were in accord with the analysis and interpretation of the old statute, contained in the opinion in the case of *Stefan v. Elevator Co.,* 106 Kan. 369, 187 Pac. 861.

In the revision of 1927 the workmen's compensation law was materially changed in substance and in arrangement, and immediately succeeding the schedule beginning with loss of a thumb (No. 1) and ending with traumatic hernia (No. 20) a new number was inserted:

"(21) Whenever the workman is entitled to compensation for a specific injury under the foregoing schedule, the same shall be exclusive of all other compensation except the benefits provided in paragraph 1 of this section and no additional compensation shall be allowable or payable for either temporary or permanent disability: *Provided, however,* That the commission, arbitrator or committee may, in proper cases, allow additional compensation during the actual healing period, such period not to be more than ten (10) per cent of the total period allowed for the schedule injury in question, nor

in any event for longer than fifteen (15) weeks: *Provided further,* That the return of the workman to his usual occupation shall terminate the healing period." (R. S. Supp. 44-510, [3], [c], [21].)

Subject to the exception and the provisos, which are not now material, we have here two very clear and definite statements: (1) When a workman is entitled to compensation for a specific schedule injury, that compensation is exclusive of all other compensation; (2) No additional compensation shall be allowed, not merely for that specific injury, but for either temporary or permanent disability consequent upon that injury. The manifest purpose was to stop the pyramiding of compensation under this court's interpretation of the old law in the cases which have been referred to.

In this instance claimant's hand was not injured. Only the little finger was injured. Compensation for permanent partial loss of use of the little finger is exclusive of all other compensation for injury to that member, and no additional compensation may be allowed for disability of the hand.

The judgment of the district court is reversed, and the cause is remanded with direction to render judgment in accordance with the award of the commissioner of compensation.