No. 30,738.

MERVYN GALLIVAN, *Appellee,* v. SWIFT & COMPANY, *Appellant.*

(14 P. 2d 665.)

Opinion filed October 8, 1932.

*Russell Field,* of Kansas City, Mo., for the appellant.

*George H. West, P. W. Croker, J. Earl Thomas* and *Clarence A. Mott,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action, Mervyn Gallivan, an employee of Swift & Company, asked compensation not only for an injury to the third and fourth fingers of his left hand, but to the hand itself, it being claimed that the injury impaired the use of the hand. On an inquiry the compensation commissioner allowed compensation for the partial loss of the use of the hand and did not limit it to the scheduled compensation for the loss of the use of the fingers. The district court upon appeal sustained the action of the commissioner, except to correct an error in computation, and Swift & Company have appealed.

It is conceded that both Gallivan and Swift & Company were operating under the compensation law; that Gallivan, in the course of his employment, suffered an accidental injury on October 15, 1929; that he was earning $21.60 a week when the accident occurred, and that since the injury he has been paid compensation by his employer to the amount of $340.20, payments being made at the rate of $12.96 a week, based upon the loss of the use of two fingers, the last payment being made on December 26, 1930. The injury was caused by a stroke of a hammer on the hand and fingers, while Gallivan was holding a sprocket wheel in his left hand. The injury was to the third and fourth fingers, and also a surface injury to the palm of the hand which left a scar there, but it is conceded that the only injury remaining was to the two fingers. They are bent down towards the palm of the hand, but not against it. The trial court said the question was whether the injury should be regarded as a specific schedule injury to the fingers or considered as an injury to the hand, and inasmuch as the injured fingers bent down as they were and thus in the way of the use of the hand, it was decided that the injury should be considered as an injury to the hand, and on that basis Gallivan was allowed 50 per cent loss of the use of his left hand as provided in the statute. Swift & Company in their appeal say that only two questions are involved:

"First: Under the present compensation act, can recovery be had for a partial disability to the whole hand, when, upon the entire evidence, it appears the injury complained of, and the only injury shown to have occurred, was confined to the third and little fingers of that hand?

"Second: Can judgment be rendered for 50 per cent loss of use of a whole hand when upon the entire evidence it appears the thumb, index and second

fingers of that hand are not injured, and one-half of the efficiency of the hand is not impaired?"

The compensation act as revised in 1927 provided, among other things, for the payment of compensation according to a prescribed schedule for the loss of an arm, hand, thumb and fingers, and even schedules for phalanges of the fingers were specified and compensation for each fixed. It also provides that if a workman is entitled to compensation for a specific injury under the schedule, such compensation shall be exclusive of all others, with certain exceptions not material here. (Laws 1927, ch. 232; R. S. 1931 Supp. 44-510.) There is no question of the total loss of the two fingers. It is clear, too, and the court found that the hand was only affected by the presence of the injured fingers, which were bent down and would be in the way and so prevent the full use of the hand. The legislature saw fit to segregate the different members and even parts of members, providing compensation for the injury to each and providing as to compensation that the amount specified in the schedule shall be the measure of payment and exclusive of all other compensation for such injury. It was competent for the legislature to place certain injuries in a schedule and to provide the compensation for each injury, and it was shown and found that while there has been an injury to the palm of the hand which left a scar, "the parts affected at this time are the third and little fingers of the left hand." It is true that the injury to the fingers impairs the use of the hand just as an injury to the hand would affect the use of the arm, but the specific injury to the hand alone would not warrant an allowance for the arm. The trial court stated that if the fingers had been cut off in the accident, or had been removed, no allowance for injury to the use of the hand could have been made. Since the specific injury resulting from the accident was confined to the loss of use of the fingers, compensation must be measured according to the statutory schedule. The ruling in *Neuhaus v. Hope Engineering Co.*, 132 Kan. 72, 294 Pac. 655, and the theory upon which that case was determined, is controlling here. There the workman suffered permanent partial loss of the fourth or little finger. The loss of the finger partially impaired the use of the hand and compensation for injury to the hand was sought. It was held that under the old law such compensation was allowable and a number of instances of such allowances were mentioned, but it was held that the new law had

materially changed the old in substance and arrangement and evinced a different purpose and plan. It was said:

"Subject to the exception and the provisos, which are not now material, we have here two very clear and definite statements: (1) When a workman is entitled to compensation for a specific schedule injury, that compensation is exclusive of all other compensation; (2) no additional compensation shall be allowed, not merely for that specific injury, but for either temporary or permanent disability consequent upon that injury. The manifest purpose was to stop the pyramiding of compensation under this court's interpretation of the old law in the cases which have been referred to.

"In this instance claimant's hand was not injured. Only the little finger was injured. Compensation for permanent partial loss of use of the little finger is exclusive of all other compensation for injury to that member, and no additional compensation may be allowed for disability of the hand." (p. 75.)

Under the facts in the case, which are practically without dispute, it must be held that compensation should be measured by the schedule rate for the total loss of the use of two fingers and not that scheduled for injury or loss of use of the hand. It appears that there was a surface injury to the hand which was healed in four or five weeks. An allowance should, of course, be made for the healing period. That part of the judgment making the allowance for loss of use of the hand is reversed and the injury to the two fingers should be treated as specific injuries for which the allowance prescribed in the schedule should be made. The judgment will also be modified by an allowance of compensation for the healing period of the surface injury to the palm of the hand, whatever it may be. For these purposes the cause is remanded to the district court for final disposition in accordance with the views herein expressed.