No. 31,329

CHARLES CORNELL, *Appellant*, v. THE CITIES SERVICE GAS COMPANY, *Appellee*.

(27 P. 2d 228.)

608

Opinion

filed December 9, 1933.

*George E. Gard,* of Kansas City, for the appellant.

*James W. Finley, Hayes McCoy, Glenn W. Clark* and *R. E. Cullison,* all of Bartlesville, Okla., for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a workmen's compensation case. On the hearing of a petition for review and modification of an award the commissioner and trial court refused to modify it, and claimant has appealed.

While claimant was employed by respondent and both operating under the compensation act he sustained an accidental injury consisting of the fracture of both bones of the right leg immediately above the ankle. He presented a claim for compensation, and after a hearing the commissioner found that his injury resulted in a sixty-per-cent loss of the use of a foot and awarded compensation accordingly. Neither party appealed from that award. Respondent made the payments as the award provided. Before the last payment was made the petition to review and modify was filed. On the hearing of that petition the same physicians who had examined claimant and testified at the former hearing again examined him and gave their testimony. In substance it was that there had been no material change since the former hearing with respect to the loss by claimant of the use of his foot. The commissioner and the trial court could do nothing under this evidence but refuse to modify the award previously made.

This did develop from the evidence: When the fractured bones healed one of them was not quite straight, but set at a slight angle. The result was that when claimant walked one side of his foot struck the floor or the pavement a little before the other side. At one time claimant tried to remedy this by putting an extra thickness of leather on one side of the sole of his shoe, but this seemed not to help and he quit it. He walks with a slight limp, which throws his body somewhat out of alignment and makes an unnatural use or strain upon the muscles of the leg and back. Upon this slender thread claimant presents this appeal and contends compensation

should have been awarded for permanent partial disability instead of for the partial loss of the use of the foot. The petition is untenable for at least three reasons: (1) The findings and award made by the compensation commissioner at the first hearing, that the injury sustained by claimant was a partial loss of the use of the foot—a scheduled injury, and hence not a permanent partial disability—unappealed from, was a final adjudication on those questions and not open to review on a petition to modify. (*Hurst v. Independent Construction Co.*, 136 Kan. 583, 16 P. 2d 540.) (2) The commissioner and the trial court found against claimant on the questions of fact now presented, and their findings are supported by substantial, competent evidence. This court reviews questions of law only, as distinct from questions of fact, hence the record presents no question of law for our review. (*Orendoc v. Kaw Steel Construction Co.*, 131 Kan. 366, 291 Pac. 952.) (3) Fundamentally, almost any scheduled injury under our workmen's compensation law produces some—perhaps slight, although it may be substantial—unnatural result upon normal bodily functions. If it were to be held that all such results constituted general partial disability under the statute there would be little or no purpose in having scheduled injuries. As to this the case is ruled by the holding of the court in *Gallivan v. Swift & Co.*, 136 Kan. 234, 14 P. 2d 665, and allied cases.

There is no merit in the appeal, and the judgment of the court below is affirmed.

HUTCHISON, J., not sitting.