No. 31,515

JOE FERNANDEZ, *Appellee,* v. EDGAR ZINC COMPANY (now operating as THE AMERICAN STEEL & WIRE COMPANY), *Appellant.*

(27 P. 2d 239.)

Opinion filed December 9, 1933.

*J. A. Brady,* of Cherryvale, for the appellant.

*John Bertenshaw* and *Kirke C. Veeder,* both of Independence, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from an award of compensation to Joe Fernandez, an employee of the Edgar Zinc Company,

who was injured in the course of his employment while operating a push car loaded with mineral at a smelter of the zinc company. The car tipped over, pinning him between the car and a wall of the smelter, by which he was seriously injured. The compensation commission awarded him compensation at the rate of $17.75 per week for a period of 415 weeks, less the amount of compensation already paid to him by the defendant. An appeal from the award of the commission was taken by the zinc company to the district court, and that court approved and affirmed the award made by the compensation commission. From that ruling an appeal was taken to this court, but, of course, we are limited to questions of law.

Among other things, the commission made a finding which was approved by the district court, that the left leg of claimant became two inches shorter than the right leg, and that he is compelled to walk on the toes of his left foot, being unable to place his heel on the ground. Also that:

"The shortening of the claimant's left leg has directly brought about a tilting of the pelvis which in turn has resulted in a compensatory curvature of the lumbar spine. The claimant has continually complained of pain in this region. I am convinced that this curvature is a normal result or *sequela* of the injury to claimant's left leg and there is ample medical evidence to substantiate this fact. Evidence was also introduced to the effect that the building up of claimant's left shoe to accommodate the two-inch shortening of the leg could assist in preventing any further increase of the spine curvature, but at the same time it was stated that even with the shoe built up the claimant would still be incapacitated from performing manual labor."

It was therefore found that the claimant is totally permanently disabled from performing manual labor as the result of his injuries and that compensation should be awarded to him at the rate of $17.75 per week for a period of 415 weeks. Compensation was awarded to him on this basis, with a provision that there should be deducted from it the amount already paid as compensation.

One of the defendant's claims of error is that the compensation of the workman should have been computed upon the theory of its being a scheduled injury, namely, the loss of the leg, instead of for total permanent disability. The contention is that the injury suffered is to the leg alone and therefore should be regarded as a scheduled injury.

There is testimony to which the commissioner and the district court gave credence that other parts of Fernandez's body were in-

jured by the accident and altogether constituted total permanent disability. In the hearing before the commissioner there was medical testimony to the effect that an examination disclosed that the injury was confined to the leg, but there was other evidence that the back and spine, as well as his buttocks, were injured. For instance, one witness who testified at the hearing before the commissioner, stripped the workman of clothing and examined him unclad before the commissioner, and the witness stated: That he found large scars on his thigh and other such scars on the buttock muscle up near the sacrum. That the buttock muscle near the spine and sacrum was a trunk injury rather than one to the leg. That the appellee has curvature of the spine. That the leg and trunk has atrophied and lost the power to function. That the atrophy of the buttock muscle is observed without the use of X-rays and can be seen at a distance of from three to ten feet by ordinary observation. He testified that the buttock muscle, the maximus, is part of the pelvic attachment, and that its purpose is to lift and sway the trunk of the body. That the disability to appellee resulting from the injury is that he is unable to bend forward, and that the atrophy will continue to increase. The attachment mentioned, he says, is just as essential to the human body as the attachment to the leg. The evidence is abundant to show that the injury was not to the leg alone and that it warranted the finding of total permanent disability of sixty per cent.

The questions open to review in the appeal to this court are limited to those of law. On questions of fact determined by the district court, its findings are controlling in this court, if there is evidence to sustain them. We have seen that there is evidence from which a reasonable inference may be drawn that lends support to the findings of the trial court. When that appears it practically closes the controversy and ends our jurisdiction. As said in *Shay v. Hill*, 133 Kan. 157, syl. ¶ 1, 299 Pac. 263:

". . . This court may not review the evidence as the district court did, . . . The function of this court is limited to determining if there was evidence, whether opposed or not, warranting a reasonable inference, although a contrary inference might reasonably be drawn, to sustain the judgment of the district court."

Our conclusion is that the judgment of the district court must be affirmed. It is so ordered.

HUTCHISON, J., not sitting.