No. 33,571

S. E. Cowan, *Appellee,* v. George W. Kerford Quarry Company
and Great American Indemnity Company, *Appellants.*

(72 P. 2d 999)

Opinion
filed November 6, 1937.

*A. L. Berger,* of Kansas City, *Douglas Stripp* and *Randolph P. Rogers,* both
of Kansas City, Mo., for the appellants; *Edwin R. Morrison, James E. Nugent*
and *Homer H. Berger,* all of Kansas City, Mo., of counsel.

*Ralph U. Pfouts,* of Atchison, for the appellee.

The opinion of the court was delivered by

Dawson, C. J.:   This is an appeal from a judgment granting an
award for permanent total incapacity arising from an injury sus-
tained by the appellee while working in the stone quarry of his em-
ployer.

It appears that in September, 1936, the appellee, S. E. Cowan,
was employed by the appellant, the Kerford Quarry Company. He
operated a drill in the appellant's quarry. On the afternoon of Sep-
tember 11, 1936, while operating the drill, a large rock fell on
Cowan's head, which cut his scalp and knocked him down. He was
taken to a doctor, who dressed his wound, gave him a hypodermic to
relieve his pain, and put an adhesive cast on his neck and put him
to bed.

Appellee did not improve as expected, and complained of severe
pains in his neck, so an X ray was taken which showed that in the
second and third cervicle vertebrae there was a "little malposition."
It showed "a slight impaction in the anterior bodies of the second
and third cervical vertebrae."

The claimant described his incapacity thus:

"I have not been able to do a bit of work during the time since I was injured. I have only tried small things. I tested myself out to see if I am getting any better and it seems everything—don't nothing agree with me. No, I am not physically able to do my regular work like I was before. I am not able to do anything. The facts of the business, it puzzles me to clothe myself, especially my shoes, but so far as walking around I can do that.

"My injury causes an awful lot of pain right in here (pointing) the third vertebra, and it seems as if there is some pulling down in there and lifting far like if I would go to move a chair you know and it hurts the biggest part of the night especially when I am laying down. After I get up it ain't so bad. Yes, I have pain in the night and for a while after I get up in the morning. That continues at the present time. I have experienced that all the way through since I was injured."

*Cross-examination:*

"I can start to get up sometimes and have to sit back down, it seems like something pulls right in there, and then again I lean over, just say I let my head hang that way, and the most pain is when I lay down, that is when it hurts me unless I get something on my head that I can pull down on it, but as long as the weight of my head is kind of pushing then it hurts, but if I can get something—the pillow, fixed in a way that it will swing, why then it will ease.

"I can turn my head slow but it seems like it is going to break off if I get way back . . . a jar hurts me . . . I carry my own wood in . . . I carry a couple of buckets of water a day from across the street . . I can drive a car without turning my head. I have to turn my whole body . . . I have not lost any weight; I have gained a little weight but I am not as heavy as I would usually be at this time of year."

The doctor who treated the claimant testified concerning the extent of claimant's injuries and his professional treatment of them and of the taking of the X ray and explained what it revealed, but he was unable to account for the fact that claimant did not make a complete recovery as he had anticipated—assuming that claimant's complaint of continuing pains and stiffness in his neck and of his continued incapacity to work was true. He testified:

"My opinion as to whether he is physically able to do hard labor like before he was injured is that if he isn't painful I don't see why he couldn't. Yes, I heard him testify he was painful. Now, I can't tell whether it is painful.

"I have examined him from time to time. He comes down to my office every two or three days.

"Q. Have you an opinion now how long it will be or whether his injury will be permanent? A. You see, now, that is a thing that is just hard for me to say. You pretty near have to take the fellow's word for that."

The compensation commissioner found the facts of claimant's accident and injury, his previous earning capacity, his total in-

capacity, and that its duration was problematical; and that claimant was thereby entitled to compensation at the rate of $12.96 per week for eighteen months. But in his findings and award the compensation commissioner also called attention to G. S. 1935, 44-528, which provides that a review of an award may be had at the instance of employer or workman at any time before final payment is made.

Both parties appealed. The district court examined the record and heard arguments of counsel for the parties, and approved the award of $12.96 per week as computed by the commissioner, but also found that claimant was totally and permanently incapacitated, and that he was entitled to the prescribed weekly compensation for the full statutory period of eight years, less the aggregate sums already paid to him by his employer. Judgment was rendered accordingly.

The employer and insurance carrier appeal, contending that there was no substantial and competent evidence to support an award for permanent and total disability for the statutory period of 415 weeks, or eight years.

We think the evidence for the appellee as summarized above refutes that contention. It is, of course, possible that this claimant is not nearly so badly incapacitated as he swears he is. But the authorized trier of fact has settled this point. And it is also possible that an experienced osteopath or chiropractor could readily straighten out that slight malposition of his cervical vertebrae revealed by the X ray, which may be the cause of his continuing disability. (*Gentry v. Williams Brothers*, 135 Kan. 408, 10 P. 2d 856.) But there was no issue and no evidence on that point. As the record stands, it cannot be gainsaid that it contains evidence that the man cannot work, that he can scarcely dress himself and has pain and difficulty in putting on his shoes, and that he is not making any appreciable recovery. The only medical testimony was to the effect that the affliction about which the claimant testifies may be true.

Appellants direct our attention to a rule which prevails in some jurisdictions to the effect that where the subject of inquiry concerns the probable future duration of an injured workman's incapacity, the testimony of experts is controlling. (*Assurance Corp v. Industrial Acc. Com.*, 106 Cal. App. 39, 288 Pac. 692.) In Oklahoma it seems that such a question of fact requires the evidence of scientific or professional men to determine it. (*James I. Barnes Const. Co. v. Hargrove*, 167 Okla. 348, 29 P. 2d 573.) We have no such hard-and-fast rule on this question in this jurisdiction. (*A. T. & S. F.*

*Rld. Co. v. Thul,* 32 Kan. 255, 4 Pac. 352; *Shouse v. Consolidated Flour Mills Co.,* 128 Kan. 174, 178, 277 Pac. 54; *Forsyth v. Church,* 141 Kan. 687, 42 P. 2d 975.) But it would seem that the scientific X-ray photograph which showed a malposition of the cervical vertebrae, and the testimony of the doctor who treated the claimant and continued to have him under observation "every two or three days," and who testified "you pretty near have to take the fellow's word for that," was sufficient to warrant the trial court's finding of the claimant's total permanent disability.

That the duration of an injured workman's incapacity is a question of fact for the trial court to determine has repeatedly been the subject of judicial exposition by this court. (*Gorrell v. Battelle,* 93 Kan. 370, 376, 144 Pac. 244; *Oliver v. Christopher,* 98 Kan. 660, 159 Pac. 397; *Potocan v. Hamilton Coal and Mercantile Co.,* 120 Kan. 326, 328, 243 Pac. 537; *Fernandez v. Edgar Zinc Co.,* 138 Kan. 735, 27 P. 2d 239; *Butler v. White Eagle Oil Ref. Co.,* 140 Kan. 202, 34 P. 2d 120.) See, also, 2 Schneider's Workmen's Compensation Law, 2d ed., 1428, 1789.

At the time of the hearing before the compensation commissioner the total incapacity of the claimant was established by direct and circumstantial evidence. The duration of such total incapacity was not established by direct and positive testimony, but it was shown that there had been virtually no improvement of the claimant's physical condition for some months previous to the hearing; and while the claimant continued to call on the doctor for observation every few days, the doctor was not treating him, and the circumstances disclosed nothing tending to show that the workman's permanent incapacity would terminate at any predictable time in the future. Under such a set of facts, a finding of total permanent disability was not improper under the rule announced in *Voiles v. Procter & Gamble Mfg. Co.,* 141 Kan. 451, 453, 41 P. 2d 723.

There is no error in the record, and the judgment is affirmed.