## No. 29,041.

WILLIAM HERING, *Appellant*, v. THE SAN ORE CONSTRUCTION COMPANY and THE ÆTNA LIFE INSURANCE COMPANY (Intervener), *Appellees*.

(285 Pac. 592.)

Opinion filed March 8, 1930.

*F. J. Oyler* and *G. R. Gard*, both of Iola, for the appellant.
*A. L. Berger*, of Kansas City, for the appellees.

*G. Clay Baker,* commissioner of compensation, and *Sylvan Bruner,* of Pittsburg, as *amici curiæ.*

The opinion of the court was delivered by

HARVEY, J.: This is a proceeding by a workman for compensation under the workmen's compensation act (Laws 1927, ch. 232). It was stipulated, or conceded, that the parties were operating under the act; that the workman received an injury by accident arising out of and in the course of his employment; that his average weekly wage was $22.80, and that due notice of the injury was given and claim for compensation made. There is no controversy here about the injury received by the workman. The commissioner of compensation found that claimant suffered a compound fracture, oblique, at about the middle third of the left leg, both the tibia and fibula being involved, and there is an overlapping of these bones due to slipping after they had been set; that as a result claimant was temporarily totally disabled for thirty-eight weeks and two days; that following such temporary total disability claimant was left with, and now sustains, a loss of use of his left leg, as a result of the injury in question, of 33⅓ per cent, being due to loss of function, nerve impairment and blood-supply impairment.

On appeal to the district court these findings were modified in one respect only, the district court finding that the temporary total disability was for a period of forty-one weeks and four days.

The only controverted question in the case is how to compute the sum due plaintiff. The commissioner of compensation computed the amount of compensation accrued and accruing to claimant as follows: For temporary total disability, 38 weeks, 2 days, at $13.68 per week, $524.40; for permanent partial loss of use of the leg for 66 weeks and 4 days, at $13.68 per week, $912; making a total of $1,436.40. On appeal the district court made the computation as follows: For temporary total disability, 41 weeks, 4 days, at $13.68 per week, $570; for additional compensation during the actual healing period, for 15 weeks, at $13.68 per week, $205.20, making a total of $775.20.

The workman has appealed. We have briefs not only from appellant and appellees, but also a brief *amicus curiæ* from the commissioner of compensation and another from an attorney interested in compensation litigation. These briefs present argument in support of different methods of computing the amount of compensation

due a workman for an injury such as was found in this case. The difficulty is lack of clearness of the statute in its application to this kind of an injury.

The portions of the statute (Laws 1927, ch. 232) necessary to be considered in the determination of the case will be now stated in substance, where that will suffice, or the pertinent portions quoted.

Section 10 (1) provides for the treatment and care of injured employees at the expense of the employer of not more than $100, except in extreme cases.

Section 10 (2) provides for the compensation where death results from injury. This has no application to the case before us.

Section 10 (3) deals with the compensation to be paid where death does not result from the injury. Subdivision (a) relates to total permanent disability and is not applicable here. Subdivision (b) reads:

"Where temporary total disability results from the injury no compensation shall be paid during the first week of disability, except that provided in paragraph 1 of this section, but after the expiration of said first week payment shall be made in accordance with the provisions of this act, during such temporary total disability, of a sum equal to sixty (60) per cent of the average weekly earnings of the injured workman, computed as provided in section eleven (11) of this act, but in no case less than six dollars ($6), per week nor more than eighteen dollars ($18) per week: *Provided,* That where such temporary total disability is followed by temporary partial disability, the compensation shall be sixty (60) per cent of the difference between his average weekly wages before the accident and the average weekly wages he is earning or is physically able to earn during such period of temporary partial disability, in any employment, not exceeding, however, eighteen dollars ($18) per week: *Provided,* The minimum of six dollars ($6) per week elsewhere provided for in this act shall not apply to compensation under this provision, and such payment shall not extend over a longer period than four hundred and fifteen (415) weeks from the date of the accident."

The pertinent portions of subdivision (c) read:

"Where disability, partial in character but permanent in quality, results from the injury, the injured workman shall be entitled to the compensation provided in paragraph 1 of this section, but shall not be entitled to any other or further compensation for or during the first week following the injury. Thereafter compensation shall be paid as provided in the following schedule, the average weekly wages to be computed . . ." (There is no controversy in this case as to this computation.)

"(13) For the loss of a foot, 60 per cent of the average weekly wages during 125 weeks.

"(14) For the loss of a leg, 60 per cent of the average weekly wages during 200 weeks.

"(16) . . . Amputation between knee and ankle shall be considered as the loss of a foot. Amputation at or above the knee shall be considered as the loss of a leg.

"(19) Permanent loss of the use of a . . . foot or leg, . . . shall be equivalent to the loss thereof. For the permanent partial loss of the use of a . . . foot or leg . . . compensation shall be paid at sixty per cent (60%) of the average weekly wages, not in excess of eighteen dollars ($18) per week, during that proportion of the number of weeks in the foregoing schedule provided for loss of such . . . foot or leg, . . . which the partial loss thereof bears to the total loss of a . . . foot or leg, . . . but in no event shall the compensation payable hereunder for such partial loss exceed the compensation payable under the schedule for the total loss of such . . . foot or leg . . .

"(21) Whenever the workman is entitled to compensation for a specific injury under the foregoing schedule, the same shall be exclusive of all other compensation except the benefits provided in paragraph 1 of this section and no additional compensation shall be allowable or payable for either temporary or permanent disability: *Provided, however,* That the commission, arbitrator or committee may, in proper cases, allow additional compensation during the actual healing period, such period not to be more than ten (10) per cent of the total period allowed for the schedule injury in question, nor in any event for longer than fifteen (15) weeks: *Provided further,* That the return of the workman to his usual occupation shall terminate the healing period.

"(22) . . . In case of temporary or permanent partial disability not covered by schedule the workman shall receive during such period of temporary or permanent partial disability not exceeding 415 weeks, 60 per cent of the difference between the amount he was earning prior to said injury as in this act provided and the amount he is able to earn after such injury in any employment, such compensation in no case to exceed eighteen dollars ($18) per week.

"(25) The total amount of compensation that may be allowed or awarded an injured workman for all injuries received in any one accident shall in no event exceed the compensation provided for in this act for total permanent disability."

From these statutes the legislative intent appears clearly to be that section 10 (3), subdivisions (a) and (b) and subdivision (c) paragraph (22), pertain to injuries to portions of the body other than the specific members of the body enumerated in the schedule set out in section 10 (3) (c). Also it seems clear that section 10 (3) (c) pertains to compensation for injuries to the specific members set out in the schedule in subdivision (c). And by paragraph (25) duplication of compensation is avoided.

Hence, to determine the compensation due the workman in this case we consider only section 10 (3) (c) with the portions of paragraphs thereunder numbered (13), (14), (16), (19) and (21) above

set out. These provide compensation for foot or leg injuries of three degrees of severity:

First. When the foot or.leg is so severely injured that amputation is necessary. This is spoken of as the loss of the foot or leg. For this a scheduled amount is to be paid. This amount must be computed. The statute gives the formula for that computation. It is 60 per cent of the average weekly wages for 125 weeks for the loss of the foot, or the same for 200 weeks for the loss of the leg. Amputation below the knee is loss of the foot; amputation at or above the knee is loss of the leg. When the scheduled amount is determined it must be paid; that is, it is not diminished for any reason, for a foot or leg once lost by amputation will not grow back and become useful. To this scheduled amount "may, in proper cases," be allowed additional compensation during the actual healing period [sec. 10, (3) (c) (21)]. The extra compensation for the healing period is allowed in cases of amputation only. In the case before us, had the injury to the workman been so severe that amputation was necessary at the place of the injury he would have lost a foot (not a leg) and the scheduled amount of his compensation would have been $1,710 (60 per cent of his average weekly wages, $22.80, for 125 weeks). To this the commissioner, if he deemed it a proper case, could have allowed additional compensation during the actual healing period, of not more than $171 (10 per cent of 125 weeks at 60 per cent of weekly wage). But in this case the injury was not so severe as to require amputation; hence this computation is not applicable.·

Second. The injury may not be so severe as to require amputation of the foot or leg, but severe enough to result in the permanent total loss of the use of the foot or leg. · To determine the amount of compensation to be paid the statute makes this "equivalent to the loss thereof" [sec. 10, (3) (c) (19)]. The injury in this case was at a place below the knee. Had the injury been so severe that amputation would have been necessary at that point there would have been a loss of the foot, and the compensation, as above computed, would have been $1,710. If an injury at the same place, not severe enough· to require amputation, but severe enough to result in total permanent loss of use, the amount of compensation would be the same, $1,710. There could be no additional sum added for a healing period for the reason that the foot is not lost; its use only is lost; there is no wound caused by amputation to heal, and we

cannot have a healing period for a condition which is permanent and hence, obviously, will never heal. The workman in this case did not have a permanent loss of use of his foot, so this computation is not applicable.

Third. The injury may not be so severe as to require amputation of the foot or leg, nor so severe as to result in a total permanent loss of the use of the foot or leg, and yet be compensable under the statute. This kind of an injury might result in a temporary partial loss of use of the member, or in a permanent partial loss of use, or in a temporary total loss of use followed by a temporary partial loss of use, or in a temporary total loss of use followed by a permanent partial loss of use, as in the case before us. We regard all of those conditions as being provided for by the statute, although they are not set out with the detail just stated. The statutory words, "Where disability, partial in character but permanent in quality" [sec. 10, (3) (c)] do not preclude this view, nor do the words "permanent partial loss," as used in paragraph 19. Certainly they do not preclude this view as applied to the case before us. Here the loss of use is "permanent in quality"; it is not a total loss of use, hence is a partial loss of use, and the fact that it is a total loss of use for a limited time only does not make it otherwise than a partial loss of use. How shall compensation for it be computed? The statute [sec. 10, (3) (c) (19)] provides the rule by referring to what should be allowed for the loss of the member. By so referring the injury is found to be to the foot (not to the leg). The statute then provides: "Compensation shall be paid" . . . 60 per cent of the weekly wages "during that proportion of the number of weeks in the foregoing schedule provided for loss of such . . . foot, . . . which the partial loss bears to the total loss." The partial loss of use in this case was full loss of use for 41 weeks and 4 days and one-third loss of use for 83 weeks and 3 days, being the remainder of the 125 weeks named in the schedule. Sixty per cent of the weekly wage is.$13.68, and at this rate for the 41 weeks and 4 days compensation amounts to $570. One-third of this rate is $4.56, and for 83 weeks and 3 days it amounts to $380.43. The sum of these amounts, $950.43, is the total compensation payable in this case.

This computation differs from that made by the compensation commissioner in these respects: We count the period of temporary total disability as 41 weeks and 4 days, being in accordance with the findings of the district court, instead of 38 weeks and 2 days, as

found by the commissioner, but we compute it at the same rate per week. Having determined that the injury is to the foot and not to the leg, we regard the 125 weeks as the total time for which compensation can be computed, instead of 200 weeks as computed by the commissioner. The commissioner allowed for the one-third loss of use for the full 200 weeks (should have been 125) without deducting therefrom the 38 weeks and 2 days (corrected by the district court to 41 weeks, 4 days) for which the workman had been allowed for the total loss of use. This was erroneous.

Our computation agrees with that made by the district court in that both allowed for the loss of the use of the foot for 41 weeks and 4 days, at $13.68 per week, the sum of $570. Our computation differs from that of the district court in two particulars: *First,* the district court allowed for a healing period of 15 weeks. It is our judgment that this is not allowable where there is not an actual loss of the member. *Second,* the district court allowed nothing for the partial loss of use, one-third, for the remainder of the 125 weeks after the temporary period of total loss of use. In our view this was erroneous. It arose from an incorrect interpretation of the statute [sec. 10, (3) (c) (21)], which provides, in substance, that when a workman is entitled to compensation for a specific injury under the schedule no additional compensation shall be allowed for temporary or permanent disability. In our view the schedule provides for the temporary or permanent loss of use of a member, hence this section does not preclude the allowance of compensation therefor.

The brief of the appellant seeks to uphold the award of the commissioner as distinct from that of the district court, and the brief of appellees seeks to uphold the district court. Our views on these have been previously expressed. The brief of counsel *amici curiæ* seeks to apply to the injury in this case the provision of the statute [sec. 10, (3) (b) (21)] hereinbefore set out. As previously stated, we regard those sections as being applicable to an injury received at some place on the body other than to one of the members set out in the schedule. Counsel have cited some cases from other states, but the statutes construed in those cases differ so much from our statute that the cases are not helpful.

The judgment of the court below is reversed with directions to enter judgment that the amount of compensation payable to the workman is $950.43. Credit should be given, of course, for payments which have been made.