No. 29,520.

ANDREW ORENDOC, *Appellee*, v. THE KAW STEEL CONSTRUCTION COMPANY and THE HARTFORD ACCIDENT AND INDEMNITY COMPANY, *Appellants*.

(291 Pac. 952.)

Opinion filed October 11, 1930.

*Lee Judy*, of Kansas City, for the appellants.

*Harry Sullivan*, of Kansas City, for the appellee.

The opinion of the court was delivered by

- DAWSON, J.: This is an appeal from a judgment in which an award of compensation to a workman injured in his employer's service was superseded by one allowed by the district court.

The facts of claimant's employment, his wages and the accident itself were not in dispute. While at work on April 30, 1929, claimant fell about forty feet from a smokestack to a concrete floor and injured his feet. The extent of those injuries and the proper award to be made therefor under the terms of the statute were the matters requiring determination by the compensation commission and the district court.

The compensation commissioner found that claimant had suffered injuries amounting to temporary total disability which would endure for sixteen weeks from August 27, 1929, to which date compensation to an amount of $241.92 had already been paid to him. For this additional period of total disability the commissioner made an award of $15 per week for sixteen weeks, a total of $240. The commissioner also found that claimant· had suffered a ·permanent partial loss of 20 per cent of the use of his right foot and was entitled to compensation therefor at the rate of $15 per week· for twenty-five weeks, a total of $375. He also found a similar permanent partial loss of 10 per cent of the use of claimant's left foot and made an award of $15 per week for twelve and one-half weeks therefor, totaling $187.50. The aggregate of these awards was $802.50, which amount the commission ordered respondents to pay as follows: $195 in a lump sum and the remainder at the rate of $15 per week. Respondents were also assessed a fee of $20 for incidental expenses of the commission, and $50 for the services of a reporter. They also paid $214.30 for medical services in plaintiff's behalf, which made a total outlay and liability of $1,114.42 incurred by respondents for claimant's injuries.

From this award the respondents filed notice of appeal, together with a·transcript of all the evidence and proceedings before the compensation commission.

When the matter came on for review by the district court, that tribunal did not restrict its inquiry to an examination of the record made before the commission, but called witnesses and heard testimony in addition to that upon which the commission had based its award. On this additional testimony, together with the evidence adduced before the compensation commissioner, the trial court made findings of fact and conclusions of law in part as follows:

"The commissioner of compensation fixed the award upon the basis of the schedule of injury to the feet, which this court is of the opinion is not the proper basis for figuring the compensation.

"This injury is compensable under subdivision 22 of section 10 of the compensation law of 1927, in the opinion of this court.

"The court is of the opinion and finds, that, taking into consideration the fact that the claimant is still suffering from serious injury to his feet, that he is totally disabled at this time and that he is entitled to compensation for total disability for the period of fifty-two weeks of $780 for temporary total disability.

"The court is further of the opinion and finds, that claimant suffered a permanent disability, and that he will be partially disabled from performing

labor and earning full wages for at least 363 weeks following his period of total disability as above stated.

"From the nature of the work claimant was performing before the accident, it appears to the court that he could not have suffered serious disability from flat feet, and that at least 40 per cent of his present condition of flat-footedness was caused by the accident, and further that his loss of earning power is not reduced over 10 per cent by his former flat-footedness, if any.

"The court further finds that the claimant will be able to earn in the future not to exceed 50 per cent of his former wages, and that his earning capacity and ability to secure work which he is able to perform has been reduced by the injury at least 40 per cent, which would be a difference of $10 per week between his average weekly wage before the accident and since the accident, and that by reason thereof claimant is entitled to $6 per week for permanent partial disability for a period of 363 weeks, or the sum of $2,178, which added to the amount here allowed claimant for total disability makes an aggregate of $2,958."

Judgment was entered accordingly, and respondents appeal. They complain of the trial court's disregard of the mode prescribed by statute for a judicial review of an award made by the compensation commission, and also assign error on the trial court's interpretation of the statute touching the proper method of computing an award for an injury to the feet.

Touching the first of these points, the contention of respondents is well taken. The statute confers only a limited appellate jurisdiction upon the district court to review awards made by the compensation commission. That review is restricted to a determination of the correctness of questions of law and facts "as presented and shown by a transcript of the evidence and proceedings as presented, had and introduced before the commission." (Laws 1929, ch. 206, amending Laws 1927, ch. 232, § 42.) This court has repeatedly noted this important change in the procedure for administering the compensation act from what it used to be. (*Corpora v. Kansas City Public Service Co.,* 129 Kan. 690, 284 Pac. 818; *Fougnie v. Wilbert & Schreeb Coal Co.,* 130 Kan. 410, 286 Pac. 396.) In the latter case it was said:

"The . . . district court . . . hears no new evidence, but takes the case on the transcript of the proceedings before the compensation commission and makes an independent adjudication of the facts and the law therefrom." (p. 412.)

It seems, also, that the trial court erred in its conclusion of law that compensation for the injuries to claimant's feet should be

governed by subdivision 22 of section 10 of the compensation act. In the analogous case of *Hering v. San Ore Construction Co.*, 130 Kan. 70, 285 Pac. 592, the claimant suffered an injury to the leg below the knee (which the statute regards as an injury to the foot). This injury amounted to complete loss of the use of the member for a certain number of weeks (temporary total disability), and 33⅓ per cent of the use of the member thereafter (permanent partial disability). It was held that compensation should be awarded for the permanent partial loss of use in accordance with the provisions of subdivision 19 of section 10 and not under subdivision 22 as an unscheduled injury. The pertinent language of subdivision 19 reads:

". . . For the permanent partial loss of the use of a . . . foot or leg . . . compensation shall be paid at 60 per cent (60%) of the average weekly wages, not in excess of eighteen dollars ($18) per week, during that proportion of the number of weeks in the foregoing schedule provided for loss . . . foot or leg . . . but in no event shall the compensation payable hereunder for such partial loss exceed the compensation payable under the schedule for the total loss of such . . . foot or leg . . ."

See, also, Annual Report of the Commission of Labor and Industry, June 1930, pp. 19-24.

There was some testimony given before the examining commissioner that the permanent partial disability to claimant's right foot amounted to as much as 40 per cent, and to 25 per cent to his left foot. While the compensation commission's finding was that claimant had suffered a 20 per cent permanent disability in his right foot and a 10 per cent permanent disability in his left foot, it was the trial court's privilege to accord greater credence to the evidence adduced in claimant's behalf and to discredit or discount the testimony of the expert witnesses for respondents. Apparently the trial court took that view of the record made before the commission. Counsel for respondents virtually concede this point. They concede that by attaching larger credence to claimant's evidence the total compensation in claimant's behalf might have been $187.50 greater than that awarded by the compensation commission. To that extent, then, the trial court's increase of the award will have to stand.

The other matters mentioned in the briefs have been carefully noted, but warrant no further discussion.

The judgment of the district court should be modified by setting aside the amount of its substituted award, and by adding the sum of $187.50 to the award made by the compensation commission, and thus modified the judgment should be affirmed.

It is so ordered.