No. 39,506

Joe L. Rhea, *Appellee,* v. Kansas City Power & Light Company, a Corporation, *Appellant.*

(272 P. 2d 741)

Opinion filed July 6, 1954.

*Basil W. Kelsey,* of Ottawa, argued the cause, and *Irvin Fane* and *Arthur J. Doyle,* both of Kansas City, Missouri, were with him on the briefs for the appellant.

*Keith Martin,* of Mission, and *Harry C. Clark,* of Kansas City, Missouri, argued the cause and were on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: The only question in this workmen's compensation case concerns the formula used by the commissioner in computing the award, and which was upheld and adopted by the trial court.

Material portions of the findings and award, and which tell the story and show the question involved, are as follow:

"The Examiner finds that claimant's injury of May 19, 1952, consisted of a fracture of the big toe of the right foot and of the fourth metatarsal bone of the right foot accompanied by swelling and pain and that because of these injuries claimant was temporarily totally disabled for a period of ten weeks and three days, and is entitled to an award of compensation therefor for 9.43 compensable weeks at the rate of $25 per week or the sum of $235.75, all of which has been paid by respondent; that in addition thereto, it is found, that claimant suffered 15 per cent permanent partial disability to his right foot for which he is also entitled to an award of compensation for an additional 17.34 weeks at the rate of $25 per week or the sum of $433.50, less compensation heretofore paid in the sum of $76.25, leaving a balance now due in the sum of $356.75, which should be paid forthwith in a lump sum."

. . . . . . . . . . . .

"In determining the amount of compensation due for an injury to a scheduled member resulting in a period of temporary total disability followed by a percentage of permanent partial loss of use of such member, the period of compensable temporary total disability is accounted for first and this time is deducted from the scheduled period and the percentage of this remaining time taken as the period of time payment of compensation is to be made.

"In the case at issue the schedule provides that compensation is payable for 125 weeks for complete loss of or loss of use of the foot. The period of temporary total disability of 9.43 compensable weeks is first deducted from 125 weeks, leaving a balance of 115.57 weeks to be accounted for. Claimant's permanent partial disability to the foot is 15 per cent and this percentage is taken of 115.57 weeks, the balance of the weeks under the schedule. This gives him 17.34 additional weeks compensation at the full rate of $25 per week, making a total in all of 26.77 weeks for which compensation is allowable. He is not entitled to compensation during the healing period because he did not have

an amputation. (See Hering vs. San Ore Construction Co., 130 Kan. 70; Gallagher vs. Menges & Mange Const. Co., 146 Kan. 506.)"

Pertinent provisions of the applicable statute (G. S. 1951 Supp. 44-510) read:

"(3) (b) Where temporary total disability results from the injury no compensation shall be paid during the first week of disability, except that provided in paragraph 1 of this section, but after the expiration of said first week payment shall be made in accordance with the provisions of this act, during such temporary total disability of a sum equal to sixty percent (60%) of the average weekly earnings of the injured workman, . . . but in no case . . . more than twenty-five dollars ($25) per week: . . . (c) Where disability, partial in character but permanent in quality, results from the injury, the injured workman shall be entitled to the compensation provided in paragraph 1 of this section, but shall not be entitled to any other or further compensation for or during the first week following the injury. Thereafter compensation shall be paid as provided in the following schedule, . . . and the compensation in no case to be more than twenty-five dollars ($25) per week:

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(13) For the loss of a foot, sixty percent (60%) of the average weekly wages during one hundred twenty-five (125) weeks.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(19) Permanent loss of the use of a . . . foot . . . shall be equivalent to the loss thereof. For the permanent partial loss of the use of a . . . foot . . . compensation shall be paid at sixty percent (60%) of the average weekly wages, not in excess of twenty-five dollars ($25) per week, during that proportion of the number of weeks in the foregoing schedule provided for the loss of such . . . foot . . . which the partial loss thereof bears to the total loss of a . . . foot . . .; but in no event shall the compensation payable hereunder for such partial loss exceed the compensation payable under the schedule for the total loss of such . . . foot . . . exclusive of the healing period.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(21) Whenever the workman is entitled to compensation for a specific injury under the foregoing schedule, the same shall be exclusive of all other compensation except the benefits provided in paragraph 1 of this section, no additional compensation shall be allowable or payable for either temporary or permanent disability: Provided, however, That the commissioner, . . . may, in proper cases, allow additional compensation during the actual healing period, such period not to be more than ten percent (10%) of the total period allowed for the scheduled injury in question. . . ."

Rule 51-7-9, of the regulations of the workmen's compensation commissioner filed in the office of the revisor of statutes pursuant to G. S. 1949, 77-406, reads:

"In case of an injury to a scheduled member wherein the workman sustains a period of temporary total disability followed by a percentage of permanent

partial loss of use of such member, the rule of the commissioner is that the period of compensable total disability is to be accounted for first, then that time deducted from the scheduled period and the percentage of this remaining time taken as the period of time payment of compensation is to be made.

"*For example:* In the case of 50% permanent loss of use of a leg there were 21 weeks of total loss of use, or 20 compensable weeks temporary total disability. The 20 weeks are deducted from the 200 weeks provided for in the schedule for the total loss of the leg, which leaves 180 weeks; and the permanent partial loss of use being 50%, this percentage is taken of the 180 weeks, giving 90 weeks, and for this 90 weeks compensation is owing at the full rate, making in all 110 weeks compensation to be paid."

Counsel for appellant company state the question to be:

"When temporary total disability is followed by permanent partial loss of use of a foot, without complication in healing and without involvement of any other part of the body, should the total number of weeks of compensation due in addition to the number of weeks of compensation paid for temporary total disability, be computed:

(a) By applying the percentage of permanent loss of use found to 125 weeks and deducting from that result the number of weeks of temporary total compensation paid, or

(b) By first deducting the number of weeks of temporary total compensation paid from 125 weeks and then applying the percentage of permanent loss of use found to the remainder?"

and contend the award should have been computed in the following manner:

"The injury was to the foot and we begin with 125 weeks under subparagraph 13. Applying the 15% permanent partial loss of the use of the foot to 125 weeks, under the direction of subparagraph 19, gives 18.75 weeks. Assuming a 10% healing period of the total period allowed for the scheduled injury, we apply 10% to 18.75 weeks, resulting in a healing period of 1.88 weeks. This makes a total of 20.63 weeks which appellant respectfully suggests is the exclusive compensation, except the medical benefits, concerning which there is no question, to which appellee is entitled and that no additional compensation may be awarded for either temporary or permanent disability under the limitation specifically set forth in subparagraph 21. There was 9.43 weeks total temporary disability for which appellee has been paid, leaving 11.20 weeks owed as a result of the permanent partial disability factor. Appellee is entitled to $25.00 per week for this additional period, making $280.00 over and above the compensation payable for the temporary total disability. Of this the record shows that appellee has received $76.25 leaving $203.75 as the whole amount left owed to the appellee in this case when computed as set forth above, which appellant believes is the correct formula under the statute."

Appellant concedes, however, that this court has held adversely to its contentions in *Hering v. San Ore Construction Co.*, 130 Kan. 70,

285 Pac. 592, and *Gallagher v. Menges & Mange Const. Co.*, 146 Kan. 506, 72 P. 2d 79, and that the rule laid down in those decisions was followed in the instant case, but contends the rule there announced has not been followed in later decisions, and has in fact been impliedly overruled, and in support thereof reliance is had upon *Chamberlain v. Bowersock Mills & Power Co.*, 150 Kan. 934, 96 P. 2d 684, 129 A. L. R. 654; *Amos v. J. E. Trigg Drilling Co.*, 153 Kan. 617, 113 P. 2d 107; *Rogers v. Board of Public Utilities*, 158 Kan. 693, 149 P. 2d 632; *Richards v. J-M Service Corp.*, 164 Kan. 316, 188 P. 2d 939; *Riggan v. Coleman Co.*, 166 Kan. 234, 200 P. 2d 271; *Miller v. Massman Construction Co.*, 169 Kan. 499, 219 P. 2d 429, and *Meredith v. Shawver Graham, Inc.*, 171 Kan. 513, 233 P. 2d 750.

In the Hering case, *supra*, the workman was temporarily totally disabled as the result of a foot injury for a period of 41 weeks and 4 days, and was thereafter permanently partially disabled to the extent of a one-third loss of use of the foot. It was held that (3) (c) (21), *supra*, which in substance provides that when a workman is entitled to compensation for a specific injury under the schedule no additional compensation shall be allowed for temporary or permanent disability, did not preclude recovery for both temporary and permanent loss of use of a scheduled member as both results were included in the schedule, and the workman was allowed compensation for the total loss of use of his foot for 41 weeks and 4 days, and for one-third the loss of the use of the foot for the remaining 83 weeks and 3 days of the 125 weeks' period provided for by the schedule.

In the Gallagher case, *supra*, the injury was to a finger. There was a temporary total loss of use for 15 weeks, followed by a fifty percent permanent partial loss of use. It was contended that a temporary total loss of use, followed by permanent partial loss of use, was not compensable as a scheduled injury. This court, following the holding in the Hering case, *supra*, held otherwise, and ruled that the proper method of computing the award was to deduct the 15 weeks of temporary total loss of use from the maximum 37 weeks fixed by the schedule, and to allow fifty percent disability for the remaining 22 weeks—the same method that was followed in the instant case.

Appellant's contention that subsequent decisions discard the rule announced in the Hering and Gallagher cases, *supra*, is not sustained by a reference to the facts and holdings in such later cases. We

consider it unnecessary to review the facts of each, which are clearly distinguishable from those in the Hering and Gallagher cases and the case at bar.

The method of computation here used does not amount to "pyramiding of compensation," as inferentially suggested by appellant. Temporary total loss of use of a foot is a scheduled injury, as is also the permanent partial loss of its use. It was entirely proper to make an award for each of such injuries, and the total award was computed correctly. The judgment is therefore affirmed.