Argued June 24, affirmed July 22, 1974

JOHNSON, *Respondent, v.* STATE ACCIDENT
INSURANCE FUND (No. 33558), *Appellant.*

524 P2d 559

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Allan H. Coons,* Eugene, argued the cause for respondent. With him on the brief were Coons, Malagon & Cole, Eugene.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

In this workmen's compensation appeal the hearing officer held for the claimant, the Workmen's Compensation Board reversed and the circuit court reinstated the hearing officer's decision. The claimant fell and hurt her back while working as a waitress in 1969. Since then she has had continued difficulty with pain in and emanating from the upper and lower back.

She has been examined and treated by eight doctors, including several orthopedists, a neurosurgeon and two psychiatrists. Her claim was closed on June 15, 1970 with 32 degrees unscheduled low back disability and nothing for loss of earning capacity. She requested a hearing on this order.① Since then she has

---

① The request for hearing was filed June 22, 1970, set for hearing December 3, 1970 and then postponed. On December 3, 1971 an order to show cause why this request should not be dismissed as abandoned was issued. Claimant responded to this by affidavit alleging a continuation of disability and symptoms, in response to which an order was entered vacating the show cause

seen most of the eight doctors mentioned above, has been hospitalized twice, and a myelogram has been carried out. In July 1972 a "Request for Hearing, Amended" was filed pursuant to which the hearing from which this series of appeals emanates was held on January 23, 1973.

State Accident Insurance Fund appealed from the part of the finding of the hearing officer which was reinstated by the circuit court in an order providing:

"(1) Reopen this matter for further medical care and treatment as recommended by Drs. Holland and Adams, with processing under ORS 656.268.

"(2) Pay claimant appropriate temporary disability from October 25, 1971 until claimant is found medically stationary under ORS 656.268.

"* * * * *

"(4) Pay to claimant's attorney $75 for deposition attendance, not to be paid from claimant's compensation.

"* * * * *."

SAIF apparently does not appeal from (3) of the finding which provides for payment of "medical services supplied by all of the doctors * * *," pointing out that that can be accomplished with the case closed.

The fundamental question is with reference to (1) and (2). This is whether the case was or is medically stationary.

---

order, thus leaving the hearing request extant. The record shows a request for a hearing on aggravation of the same injury was filed May 11, 1972. We do not discover any official action on the latter request in the file, but the hearing officer's opinion states:

"The aggravation petition was dismissed. This matter has been treated from the outset as a challenge of the Determination Order of June 15, 1970 * * *."

The doctors' opinions vary, and can be considered as being in some respects in conflict. We see no need to relate them in this opinion.

We interpret the reports of the psychiatrist, Dr. Holland, and Dr. Adams, the last treating orthopedist, as indicating the case was not medically stationary. Dr. Holland testified in deposition:

"Q. Okay. And the—your desire to find out if she's got a psychogenic problem, is the reason for the psychotherapy?

"A. Well, not only that, but I feel that that's the only thing that offers her any chance of diminution of her symptoms, because the organic physicians have really said they have nothing to offer this lady.

"Q. Okay.

"A. And I think there's plenty of smoke, I want to find out if there is a fire, and I think there is, and if there's a fire, we'll try to put it out.

"* * * * * *

"A. * * * Now, if you look at just the psychiatric side of it, what we have to say is that her pain and disability is exaggerated by her mind, not consciously or willfully, but by mechanisms of controlling the tone of skeletal muscle and this thing, her mind is intensifying the symptoms which are normally attended with such things as lumbosacral sprain and this sort of thing that has been talked about. Now, without that lumbosacral sprain, there is nothing in her hysterical personality trait, per se, to make her not disabled, but when you add this to the injury and then the way she intensifies the symptom, she's unable to work * * *."

Dr. Holland recommended continuing treatment and psychotherapy in an effort to get at the problem and eliminate it, and Dr. Adams had recently com-

pletely changed to a new physical therapy type of treatment, as distinguished from that which she had previously undergone.

■ There simply is no question but that claimant was "unable to work" at the time of the hearing and had been in that condition since the injury. She could work before the injury. The employer takes the employe as she is. This is so with reference to her personality as well as her physical being. *Patitucci v. Boise Cascade Corp.*, 8 Or App 503, 507, 495 P2d 36 (1972). The preponderance of the medical evidence, in our view of it, supports her claim that her work-related injury was not medically stationary. Simply paying for medical treatment does not pay all of the benefits contemplated by the law in such situations. ORS 656.268 (1) says:

"* * * Claims shall not be closed nor temporary disability compensation terminated until the workman's condition has become medically stationary * * *."

■■ The other question raised by the appeal is whether SAIF could be ordered to pay $75 for attorney fees for claimant's attorney on account of attending a deposition of Dr. Holland taken at SAIF's request. SAIF contends that ORS 656.285, the effect of which is to make attorney fees available under ORS 45.181 in deposition matters, became law after this case was heard, and it cannot be applied retroactively. We think that contention is correct. However, claimant points out that claimant could have subpoenaed Dr. Holland to the hearing, which would have been more expensive in costs to the Fund, than taking his deposition. Consequently, by correspondence, copies of which went to SAIF, after explaining claimant's position in this regard, claimant's attorney said he was willing to forego

requiring the doctor at the hearing, "* * * But I am unwilling to do this voluntarily unless SAIF agrees to or is ordered to pay a separate fee * * *." The hearing officer answered, SAIF "will have to produce this Doctor at the hearing or prepare for a deposition. In the latter case a reasonable attorney fee must be paid claimant's attorney * * *." SAIF points to no rejection of this requirement on its part, and it went ahead with the deposition. Thus, we think it agreed in advance to pay a fee.

Affirmed.