(609 P.2d 1180)

No. 51,178

THOMAS J. ROSE, *Claimant-Appellee,* v. THORNTON & FLORENCE ELECTRIC COMPANY and HOME INSURANCE COMPANY, *Respondent and Insurance Carrier-Appellees* and KANSAS WORKMEN'S COMPENSATION FUND, *Appellant.*

Petition for review denied June 26, 1980.

Opinion filed April 25, 1980.

*Steven L. Foulston,* of Wichita, for appellant.

*John B. Rathmel* and *James B. Zongker,* of Render & Kamas, of Wichita, for claimant-appellee.

*Frederick L. Haag,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, for respondent and insurance carrier-appellees.

Before FOTH, C.J., REES and PARKS, JJ.

REES, J.: This appeal arises out of a worker's compensation claim made by Thomas J. Rose against his employer, Thornton & Florence Electric Company. The Workmen's Compensation Fund was properly impleaded and it appeals from district court approval of an award for temporary total disability resulting from a second injury. We reverse.

Claimant sustained an injury on September 7, 1973, for which he made a worker's compensation claim; a permanent partial disability award was entered in due course. He sustained a second injury on January 29, 1975. On November 15, 1978, more than forty-five months after the second accident, the examiner found claimant was totally disabled, had been totally disabled

since the date of the second accident, and would continue to be totally disabled for an indeterminate time in the future. The examiner also found the second injury would not have occurred "but for" the preexisting back condition. An award was entered for payment of temporary total disability compensation subject to further order or payment of the statutory maximum of $50,000. The Fund is wholly responsible for payment of the second award. K.S.A. 1979 Supp. 44-567(a)(1). (The current versions of relevant statutes will be cited since they do not substantially differ from those in effect at the time of claimant's second injury. See Vol. 3 A of K.S.A. 1974 Supp.)

When the subject award for the second injury was entered, compensation for the first injury remained collectible. Because the award is for temporary total disability, there is no reduction in the amount of compensation to be paid by the Fund which otherwise would occur pursuant to K.S.A. 1979 Supp. 44-510a:

"(a) If an employee has received compensation or if compensation is collectible under the laws of this state or any other state or under any federal law which provides compensation for personal injury by accident arising out of and in the course of employment as provided in the workmen's compensation act, and suffers a later injury, compensation payable for any *permanent total or partial disability* for such later injury shall be reduced, as provided in subsection (b) of this section, by the percentage of contribution that the prior disability contributes to the overall disability following the later injury. The reduction shall be made only if the resulting *permanent total or partial disability* was contributed to by a prior disability and if compensation was actually paid or is collectible for such prior disability. Any reduction shall be limited to those weeks for which compensation was paid or is collectible for such prior disability and which are subsequent to the date of the later injury. The reduction shall terminate on the date the compensation for the prior disability terminates or, if settled by lump sum award, would have terminated if paid weekly under such award and compensation for any week due after this date shall be paid at the unreduced rate. *Such reduction shall not apply to temporary total disability, nor shall it apply to compensation for medical treatment.*

"(b) The percentage of contribution that the prior disability contributes to the later disability shall be applied to the money rate actually collected or collectible for the prior injury and the amount so determined shall be deducted from the money rate awarded for the later injury. This reduced amount of compensation shall be the total amount payable during the period of time provided in subsection (a), unless the disability award is increased under the provisions of K.S.A. 1979 Supp. 44-528 and amendments thereto." (Emphasis added.)

On appeal, the Fund contends claimant's disability is not temporary total in nature but rather permanent partial disability. The Fund's argument is centered not on the question of total versus partial disability (see *Grounds v. Triple J Constr. Co.,* 4

Kan. App. 2d 325, 606 P.2d 484 [1980]), but rather on the distinction to be drawn between temporary and permanent disability.

It is the Fund's position that claimant's condition, his impairment, is not temporary because it cannot reasonably be expected to improve. We agree.

The material evidence in this case is found solely in the testimony of Dr. Kaufman, an orthopedic surgeon. He examined claimant after the first injury and found him to have permanent partial disability resulting from injury to his back; the disability was evaluated by Dr. Kaufman to be a functional disability of approximately 25%. Dr. Kaufman treated claimant, both in and out of the hospital, following the second injury, an injury described as an aggravation of claimant's then preexisting condition. It was the doctor's opinion that as of the date of his last examination of claimant on June 23, 1978, claimant's functional disability had increased to about 35%. According to Dr. Kaufman, claimant was totally disabled from performing manual labor when last examined. Whether claimant could obtain substantial gainful employment (see K.S.A. 1979 Supp. 44-510c[b][2]), an issue as to which lay testimony as well as medical or expert testimony may be considered (see, *e.g., Conner v. M & M Packing Co.,* 166 Kan. 98, 100, 199 P.2d 458 [1948]; 3 Larson, Workmen's Compensation Law § 79.53), is not before us.

Dr. Kaufman testified that although he did not presently recommend surgery, he wished to review claimant's condition again in another six months or a year; and although claimant's physical situation quite likely is going to be such that surgery will be called for, recommendation for surgery will not be made until it is medically felt surgery "can do something for him." However, Dr. Kaufman's testimony that is most important to decision of the question before us appears in the following questions of claimant's counsel and the doctor's answers:

"Q. And do you feel like this is a permanent condition caused by the amount of time that elapsed since the injury?

"A. I think short of an operation that would do things I really wouldn't expect it to do, probably.

"Q. And you would not recommend an operation at the present time?

"A. Not yet."

We find this compels the conclusion that claimant's condition was then found to be permanent and that the doctor would not

anticipate the permanency of claimant's condition to be lessened or altered as a result of surgery.

The purpose of temporary total disability compensation is to compensate an injured worker for loss of wages during the healing period or the time it takes him or her to recover from the injury. 2 Larson, Workmen's Compensation Law § 57.10; *Russell v. Bankers Life Co.,* 46 Cal. App. 3d 405, 415-416, 120 Cal. Rptr. 627 (1975). Typically, temporary total disability compensation is initially awarded and a later award is made based on permanent disability after the worker's condition is no longer considered temporary. See K.S.A. 1979 Supp. 44-528. The problem here concerns when temporary disability ends and permanent disability begins.

By virtue of statutory or case law, other jurisdictions have held that an injury is no longer temporary when the maximum point of recovery is reached (*Speigner v. McGhee,* 55 Ala. App. 384, 390, 316 So.2d 215 [1975]; *Subsequent Injuries Fund v. Industrial Acc. Com.,* 226 Cal. App. 2d 136, 143-144, 37 Cal. Rptr. 844 [1964]; *Sanz v. Eden Roc Hotel,* 140 So.2d 104, 105 [Fla. 1962]; *Gluck Bros. v. Coffey,* 222 Tenn. 6, 13-14, 431 S.W.2d 756 [1968]) or when the injured worker's condition becomes medically stationary or stable (*Continental Casualty Co. v. Industrial Commission,* 23 Ariz. App. 294, 532 P.2d 869 [1975]; *Johnson v. SAIF,* 18 Or. App. 152, 154-155, 524 P.2d 559 [1974]). Additionally, it appears to be generally held that where it is reasonably probable that a worker's disability will continue for an indefinite or indeterminate period of time, the disability is considered permanent in nature. *Montgomery v. Delta Concrete Products Co., Inc.,* 290 So.2d 769, 774 (La. App. 1974); *Sykes v. Republic Coal Co.,* 94 Mont. 239, 245, 22 P.2d 157 (1933); *Logsdon v. Indus. Comm.,* 143 Ohio St. 508, 513-514, 57 N.E.2d 75 (1944). No Kansas cases addressing the issue have been found. The reasoning and conclusions of the foregoing foreign decisions are persuasive.

We conclude that maximum recovery and medical stability are key factors in determining the time demarcation between temporary disability and permanent disability.

Our review is limited to questions of law. K.S.A. 1979 Supp. 44-556(*c*). Findings of fact made by the district court are conclusive if based upon substantial competent evidence; whether substantial competent evidence exists is a question of law. In re-

viewing the record, we must do so in the light most favorable to the party prevailing below. *Makalous v. Kansas State Highway Commission,* 222 Kan. 477, 486, 565 P.2d 254 (1977). It is not our function to weigh evidence or consider questions of fact. *Deines v. Greer,* 216 Kan. 548, 550, 532 P.2d 1257 (1975). Whether an injury is temporary or permanent in nature is a question of fact. *Subsequent Injuries Fund v. Industrial Acc. Com.,* 226 Cal. App. 2d at 144.

We are unable to find substantial competent evidence in the record to support a factual finding that claimant's condition at the time of entry of the challenged award was temporary. There was no evidence of probable improvement with regard to the permanency of claimant's condition. The mere possibility of surgery on an uncertain date in the future is not sufficient to sustain a finding that claimant's condition was temporary, that it would improve. The improbability of a beneficial surgical result for this claimant renders the likelihood of improvement not only merely possible, but clearly speculative. The conclusion to be drawn from the evidence is that claimant's condition was such that the only reasonable expectation was that it would be permanent; the healing period was over.

The judgment of the district court is reversed and remanded with directions to determine a proper award based on either permanent partial or permanent total disability. Such an award will remain subject to modification pursuant to K.S.A. 1979 Supp. 44-528.