No. 39, 678

George W. McKinney, *Appellee*, v. Rodney Milling Company and Employers Mutual Liability Insurance Company, *Appellants.*

(279 P. 2d 221)

Opinion filed January 22, 1955.

*James P. Mize*, of Salina, argued the cause, and *C. L. Clark* and *Thomas M. Lillard, Jr.*, both of Salina, were with him on the briefs for the appellants.

*Evart Mills*, of McPherson, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

Harvey, C. J.: This was a Workmen's Compensation case. The record discloses that the claimant, a man about 50 years of age, was working for respondent who was operating under the Workmen's Compensation Act, in May, 1953. His work, at that time, was to take several cars of wheat, belonging to the government, out of the elevator bins and get the bins ready to use for the next harvest. While so working he stepped on a nail which went through the about half-worn-out oxford slippers he was wearing. The nail penetrated his foot about one-half inch, just back of the little toe and toward the next toe of his right foot. Claimant had diabetes and at the time of his injury he was taking a double shot of insulin each day. He testified that he told Mr. Rishel, the manager of the elevator for respondent, about the injury the next day and again two or three days later. The foot did not bother him at once. In two weeks it began to give him some trouble. He used hot applications and other home treatment but it continued to get worse. About the 20th of July he went to a doctor who found gangrene in the toe and

foot and promptly put him in a hospital. After he had been in the hospital about seven or eight days the right leg was amputated about seven inches below the knee. That did not heal properly and a few days later the second operation was performed in which the leg was amputated about four or five inches below the knee.

In his written claim for compensation filed August 27, 1953, claimant stated the nature and extent of injuries claimed, that he had "Stepped on nail which entered right foot causing infection which required amputation of right leg." At the hearing before the Commissioner claimant presented unpaid bills for the hospital, his doctor, and for drugs aggregating $1685.93. The Commissioner disallowed claimant's claim upon the ground he had not given notice of the injury within the time and in the manner prescribed by law.

The claimant timely appealed from the award of the Commissioner to the district court where the matter was submitted to the court upon briefs of the respective parties. After examining the briefs, transcript and files, the court made the following findings of fact:

"No. 1 The Court finds that the parties have stipulated to the following:

A. The parties are governed by the Workmen's Compensation Law.

B. Written claim for compensation was served as required by law.

C. The claimant's average weekly wage was $60.00.

D. The Employer's Mutual Liability Insurance Company was the insurance carrier for the employer.

E. No compensation was paid and no medical or hospital expense was furnished to claimant.

F. Claimant is making claim for medical and hospital expenses as follows:

McPherson County Hospital . . . . . . . . . . . . . . . . . . . . . . . $1,071.62
Dr. Wier Pierson . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   420.00
King's Drug Store . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   194.31

"No. 2 George W. McKinney met with an accidental injury on or about May 12, 1953.

"No. 3 At the time of said accidental injury the relationship of employer and workman existed between claimant and respondent, Rodney Milling Company, and said accidental injury occurred while George W. McKinney was working as an employee on the premises of the Rodney Milling Company.

"No. 4 Notice of the injury was given by George W. McKinney orally to W. M. Rishel, agent for the Rodney Milling Company, within ten days after the accident as required by law.

"No. 5 The respondent milling company has not proven any prejudice by reason of any claimed defect in such notice.

"No. 6 As a result of the accidental injury, the claimant sustained temporary total disability for the period from May 12, 1953, until November 6, 1953, for

which period, except for the first week, he is entitled to weekly compensation at the rate of $28.00 per week for 24 3/7 weeks.

"No. 7 By reason of such accidental injury the claimant lost his lower right leg, which is a scheduled injury and for which he is entitled to receive 175 weeks' compensation. The claimant also suffered a 25% general permanent disability. In order to properly fix the compensation to claimant for loss of leg it will be construed as 175/415ths temporary total disability, the same being 42.17%, which added to the 25% other general disability makes a total of 67.17% partial permanent disability. Claimant shall receive 67.17% of 60% of $60.00, the same being $24.18 per week for 390 4/7 weeks."

The court rendered judgment in favor of claimant in harmony with findings 6 and 7. The court also found that respondent was liable for $1,500 medical expense to be applied upon the medical bill, and rendered judgment ordering the bill paid. In this appeal no complaint is made of that if claimant is entitled to an award. It conforms to our statute 1953 Supp. to G. S. 1949, 44-510 (1).

In this court appellant complains of findings 4 and 5. These were findings on questions of fact. It is argued that they are not supported by evidence. The complaint is on the trial court's interpretation of the evidence. That was the trial court's function. We have considered all appellants have to say about that and find no reason to set those findings aside.

Appellants complain of findings 6 and 7 and the judgment based thereon, and contend that the findings and judgment are not in harmony with our statute. The point is well taken. Our statute, 1953 Supp. to G. S. 1949, 44-510 (3) (c) sets out a schedule for the payment of compensation for specific injuries. These are to be computed as provided in G. S. 1949, 44-511, in no case to be more than $28 per week. Schedule (15) reads:

"For [the] loss of a lower leg, sixty percent (60%) of the average weekly wages during one hundred seventy-five (175) weeks."

Subsection (23), formerly (21), reads:

"(23) Whenever the workman is entitled to compensation for a specific injury under the foregoing schedule, the same shall be exclusive of all other compensation except the benefits provided in paragraph 1 of this section, no additional compensation shall be allowable or payable for either temporary or permanent disability: . . ."

With the proviso that an additional allowance for healing period may be allowed for not to exceed fifteen (15) weeks.

Under this statute the court erred in giving the claimant any allowance for either temporary or permanent disability. The stat-

ute has been analyzed, and this conclusion reached, in *Riggan v. Coleman Co.,* 166 Kan. 234, 200 P. 2d 271; *Miller v. Massman Construction Co.,* 169 Kan. 499, 219 P. 2d 429; and, *Rhea v. Kansas City Power & Light Co.,* 176 Kan. 674, 272 P. 2d 741, and authorities cited in those cases.

The trial court paid no attention to this statute but made allowances for temporary total disability, and also for partial permanent disability. These allowances are set aside.

Following the case of *Riggan v. Coleman Co.,* supra, in the last paragraph, p. 238, we have concluded that appellee was entitled to the actual healing period of 15 weeks. Adding this to the 175 weeks gave 190 weeks, for which the claimant is entitled to an award. This conclusion accords with the relief claimant sought in his claim for compensation.

The result is that the judgment of the trial court must be modified and the cause remanded for final disposition in accordance with the conclusions here announced. It is so ordered.

ROBB, J., not participating.