No. 41,456

ALICE DUNLAP, *Appellee*, v. CROWN DRUG COMPANY, and UNITED STATES FIRE INSURANCE COMPANY, *Appellants*.

(345 P. 2d 657)

Opinion filed November 7, 1959.

*Randall D. Palmer*, of Pittsburg, argued the cause, and *A. B. Keller, Paul L. Wilbert*, and *John B. Towner*, all of Pittsburg, were with him on the briefs for the appellants.

*D. G. Smith*, of Girard, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: Appellants, respondents, appeal from an award in favor of appellee, claimant, and the computation thereof, by the trial court in an action under the workmen's compensation act.

Claimant filed a cross-appeal that has since been abandoned and the merits thereof need not be herein discussed.

The record discloses an abundance of substantial evidence adduced on behalf of both respondents and claimant. However, a brief statement of the facts will be sufficient for the purposes of determining this appeal.

Claimant was regularly employed by the Crown Drug Company in Pittsburg where, at the time of the accident, she was manager of the soda fountain; her salary was $205.00 a month, together with her lunch, and if she worked overtime, her evening meal was included; on December 14, 1956, while in the course of her employment, as claimant came through a swinging kitchen door, her left heel or ankle was caught by the door causing her to strike her left hip on one or more booths and fall into another. She received a back injury and serious injuries to her left leg.

Claim for compensation and future medical treatment was timely and properly presented and after a hearing the compensation commissioner granted claimant a temporary total loss of the use of her left leg from December 17, 1956, to December 23, 1956, and from January 16, 1957, to June 10, 1957, and a 25% permanent partial loss of the use thereof pursuant to G. S. 1955 Supp. 44-510 (3) (c) (16) and (21). There was no allowance for future medical treatment.

Claimant timely and properly appealed to the district court of Crawford county from the award of the commissioner, which appeal was presented on October 9, 1958, and taken under advisement by the trial court.

On December 4, 1958, the attorneys received a postal card reading as follows:

"DISTRICT COURT OF CRAWFORD COUNTY, KANSAS

"Alice Dunlap                               Plaintiff

                vs.                               Case No. 20253

"Crown Drug Co. et al                  Defendant

"On this 4 day of Dec. 1958 the Judge of said Court has made the following Orders, viz.:

on this case argued Oct. 9, 1958. Award is affirmed except claimant is awarded 50% for permanent partial loss of left leg.

"L. M. Resler                          , District Judge"

The minutes of the judge's trial docket were entered as follows:

"Date of Trial, October 9, 1958.

"Argued and taken under advisement. December the 4th, 1958, Award affirmed except claimant is awarded 50% for permanent partial loss of leg, *as per journal entry.*" (Their emphasis.)

Subsequent to receipt of the postal card attorneys for both parties conferred *ex parte* with the judge and as a result of those conferences each drew a journal entry reflecting what it thought the judgment of the trial court was but neither would approve the journal entry of the other.

Respondents later attacked some of the findings of the trial court in its journal entry of judgment. The controversial findings are:

"9. That as a direct result of said accident and injuries suffered by the claimant on the 14th day of December, 1956, the claimant suffered a temporary total disability from December 14th to and including December 26, 1956, and from January 15th and including June 10, 1957, a total for both periods of 22/57 weeks and thereafter the claimant has suffered and will continue to suffer a fifty percent (50%) partial permanent loss of use of the left leg.

"10. That by reason thereof the claimant is entitled to compensation payable at the rate of $32.00 per week for a period of 21/57 weeks for the total

disability and that the claimant has been paid in full for the temporary total disability in the total sum of $717.71 for over twenty-two (22) weeks from December 17th to and including December 26, 1956, and January 15th to and including June 10, 1957.

"11. That the claimant is entitled to 100 weeks compensation by reason of fifty percent (50%) partial loss of use of the left leg, payable at the rate of $32.00 per week from June 10, 1957, and in the total aggregate amount of $3200.00, of which $2486.85 is now due and should be paid in a lump sum, and the balance to be paid at the rate of $32.00 per week.

"12. That this is an extreme case and claimant will be required to have medical treatment for said injuries by physicians and in a sum not to exceed $2500.00 less the medical expenses already paid by respondent."

The judgment reads:

"IT IS THEREFORE BY THE COURT CONSIDERED, ORDERED, ADJUDGED AND DECREED: That Alice Dunlap be and she hereby is awarded judgment against the respondent, Crown Drug Company, and its insurance carrier, United States Fire Insurance Company, for compensation for total temporary disability from December 17, 1956, to December 26, 1956, and from January 16, 1957, to June 10, 1957, at the rate of $32.00 per week, in the sum of $717.71, heretofore paid, and compensation for a period of 100 weeks at the rate of $32.00 per week beginning June 10, 1957, for a 50% partial permanent loss of the use of the left leg, or a total of $3200.00 of which $2486.85 is due and should be paid in a lump sum, the balance to be paid at the rate of $32.00 per week until fully paid.

"It is further by the court considered, ordered, adjudged and decreed that Alice Dunlap, claimant, be and she hereby is awarded medical treatment for future care for her injuries and is awarded the expenses for such treatment in a sum not to exceed $2500.00 less the medical expenses already paid by respondent.

"Further award is hereby made in favor of the claimant and plaintiff, Alice Dunlap, and against the respondent and defendant, Crown Drug Company, and its insurance carrier, United States Fire Insurance Company, for all costs assessed by the Commissioner of Workmen's Compensation of the State of Kansas, State Office Building, Topeka, Kansas, in the sum of $35.00 payable to the Workmen's Compensation Commissioner; the sum of $224.20, payable to Peter A. Kelly, Certified Shorthand Reporter, Girard, Kansas, and the costs in this court in the sum of $_____."

A further hearing was had during which the trial court stated what its judgment was as determined by the form and contents of the journal entry. This was approved by claimant's attorney but approval was refused by attorneys for respondents. A concluding paragraph also signed by the trial court setting out this subsequent procedure was made a part of the journal entry of judgment. It reads:

"January 10, 1959. The attorneys having failed to agree on a journal entry,

a hearing was had *and the form and contents of same are determined by the court.*" (Our emphasis.)

Obviously the above statement was the actual judgment made by the trial court and is indicative of the fact that the trial court did not intend for the postal card 'or entry in the docket to be the judgment because they both state "loss of leg" and it is an admitted fact by everyone that claimant did not lose her leg but lost only the use thereof, as is correctly and clearly stated in the journal entry of judgment. In addition, the above-quoted docket entry by its own terms refers to the journal entry of judgment.

A judgment is the final determination of the rights of the parties in an action. (G. S. 1949, 60-3101.) All judgments must ·be entered on the journal of the court and shall *specify clearly the relief granted* in the action. (G. S. 1949, 60-3122.) The clerk shall make a complete record of every cause as it is finally determined whenever such record shall be ordered by the court and the presiding judge of such court *shall* subscribe the same. (G. S. 1949, 60-3123.)

Section 60-3124 relates to the items that make up the record in the trial court, and section 60-3125 states that if a record has not been regularly brought up and recorded, the trial court may direct a time within which that shall be done after which time, if the record is correct, the presiding judge shall subscribe the same.

These statutes are clear and unambiguous and show that it is the trial judge who says what a judgment is. As to the time a judgment is effective, this court settled that question in *Foster v. City of Augusta,* 174 Kan. 324, 256 P. 2d 121, a damage action, where it was stated:

"The trial court is the one to say whether its preliminary findings are to be final. They and the conclusions, when complete, constitute the decision of the court, and the trial judge is the one to say when his decision is rendered." (p. 327.)

In the Foster case the trial court had made findings of fact and conclusions of law on April 21, 1952, which, as a result of a hearing on posttrial motions, were changed slightly on May 14, 1952, when the trial court said, in substance, there was no judgment until May 14, 1952. The result of that phase of the Foster case was this court held that a motion for new trial filed by the city on May 14, 1952, was good and the complete case was brought to this court for purposes of appellate review.

We cannot agree with respondent's theory that the trial court's judgment entered on January 7, 1959, was a modification of its previous judgment and award because, as already stated, there had been no judgment or award made until January 7, 1959.

A question remains as to the computation of the amount of compensation set out in the above-quoted portions of the trial court's journal entry of judgment. In G. S. 1955 Supp. 44-510 (3) (c) (16) and (21) and two of our decisions thereunder (*Rhea v. Kansas City Power & Light Co.*, 176 Kan. 674, 272 P. 2d 741, which involved temporary total loss of use of a foot followed by permanent partial loss of use thereof as a scheduled injury, and *McKinney v. Rodney Milling Co.*, 177 Kan. 401, 279 P. 2d 221, involving a foot injury which caused an amputation of the right leg four or five inches below the knee) the method is set out for computing our present scheduled injury according to the standards in the above statute and cases. Briefly stated, under the trial court's order claimant was given more than she was entitled to. The trial court did the same thing here that the trial court did in the McKinney case. (p. 404.) It allowed temporary total disability and also allowed permanent partial disability in total disregard of the statute.

No good purpose would be served by remanding this case to the trial court for correction because a simple computation readily shows that claimant is entitled to $32.00 per week for 100 weeks less $717.71 already paid or $2,482.29, which should be paid her in a lump sum.

The judgment of the trial court as modified in the preceding paragraph is therefore affirmed. So ordered.